UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P290-S

**DARRELL E. BARR, JR.**                                                                                   **PLAINTIFF**

v.

**ROCKFORD LANE LIQUORS,** *et al*.                                                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1).  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the Court will dismiss Plaintiff's complaint because it is frivolous and fails to state a claim.

### I. SUMMARY OF COMPLAINT

Plaintiff, Darrell E. Barr, Jr., a pretrial detainee currently being held at the Louisville Metro Department of Corrections, brings this § 1983 suit against Rockford Lane Liquors and its unknown owner.  Plaintiff is seeking compensatory and punitive damages totaling three million dollars.

According to Plaintiff, on or about February 11, 2006, Plaintiff "was allowed to purchase alcohol at Rockford Lane Liquors," even though he was only nineteen years old at the time.  Defendants allegedly did not request to see any identification from Plaintiff prior to the sale.  Apparently, Plaintiff became intoxicated by the alcohol in question and while in an inebriated stated attempted to operate his motor vehicle.  Tragically, while driving under the influence, Plaintiff became involved in an automobile collision that killed one person and seriously injured Plaintiff and another person.  Plaintiff claims that Defendants' act of selling alcohol to a minor violated his constitutional rights under state and federal law.

## II.  ANALYSIS

Upon initial review, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  In reviewing a complaint under this standard, a court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42 (1988).  In this case, Plaintiff had not satisfied either requirement.  Plaintiff has not alleged, nor could he, that Defendants were acting under color of state law when they sold him the alcohol.  Defendant Rockford Liquors and its owner are clearly private citizens that were engaged in a private transaction at the time of the alleged sale.  As such, they are not amendable to suit under § 1983.  *See Kelm v. Hyatt*, 44 F.3d 415, 422 (6th Cir. 1995).  Additionally, Plaintiff has failed to list any constitutional right that was violated by the alleged sale.  Accordingly, the Court must dismiss Plaintiff's complaint in its entirety

because it is frivolous and fails to state a claim.  The Court will enter an Order consistent with this memorandum opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants

4411.008